IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID E. PAITSEL, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 19-937-LPS |
| | : | |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : : : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**I.     INTRODUCTION**

In May 2018, the Delaware Superior Court found Petitioner to be in violation of his probation, and sentenced him to 21 years and 11 months of incarceration at Level V, suspended for successful completion of the Key/Crest Program.  (D.I. 1-1)  On May 20, 2019, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asserting the following four grounds for relief: (1) the classification system at the James T. Vaughn Correctional Center ("JTVCC") violates Petitioner's due process rights because it does not provide a method for him to satisfy the Key/Crest program portion of his sentence (D.I. 1 at 5); (2) the Key program is not available at JTVCC (D.I. 1 at 7); (3) Petitioner previously completed the Key Program in 2016 for the same criminal charges for which he was on probation at the time of his violation of probation (D.I. 1 at 8); and (4) the DOC has denied Petitioner's requests to be sent to the Key program (D.I. 1 at 10).  Petitioner seeks immediate release from Level V.  (D.I. 1 at 15)

## II.     STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition challenging the legality of a prisoner's conviction or confinement pursuant to the judgment of a State court. In turn, according to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (actual controversy must exist during all stages of litigation). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78. "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A case becomes moot, thereby divesting a court of jurisdiction, if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy Article III's case or controversy requirement. *See Kissinger*, 309 F.3d at 180.

## III.    DISCUSSION

Petitioner does not challenge the legality of his conviction. Instead, his four Claims are more appropriately construed as challenges to the conditions of Petitioner's confinement and, specifically, the lack or inaccessibility of certain treatment programs. Challenges to a prisoner's conditions of confinement do not assert issues cognizable on federal habeas review and should be asserted pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).

2

In addition, it appears that the Petition is now moot. When Petitioner filed the instant Petition in May 2019, he was incarcerated at JTVCC in Smyrna, Delaware. Subsequently, Petitioner was released from JTVCC and released to the community to supervised release.[1] Since Petitioner has obtained the relief requested (release from Level V confinement), his pending habeas Petition no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.

In summary, the instant Petition is both moot and asserts issues that are not cognizable on federal habeas review. Accordingly, the Court does not have jurisdiction over this proceeding.

## IV.   CONCLUSION

For the aforementioned reasons, the Court will summarily dismiss the Petition as both non-cognizable and moot. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: September 12, 2022            UNITED STATES DISTRICT COURT

---

[1] To ascertain Petitioner's whereabouts, the Court accessed the Victim Information and Notification Everyday portal (VINELink). *See* VINELink, https://www.vinelink.com/#/search.